UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EZEKIEL I. TAYLOR,

    Petitioner,

        v.                       CAUSE NO. 3:21-CV-718-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Ezekiel I. Taylor, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-6-202) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of resisting in violation of Indiana Department of Correction Offense 235. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Taylor argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He contends that Officer Mallott gave him conflicting orders. He further contends that the allegations in the conduct report do not support a charge of resisting.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 235 as "fleeing or physically resisting a staff member while that member is in the performance of his/her duty." ECF 21-1. The administrative record includes a conduct report in which Officer Mallett represents that Taylor was removed from his cell and ordered to sit at a table pending the arrival for medical staff. ECF 14-1. According to Officer Mallett, Taylor become "very aggressive and threatened to drop kick staff in the face." *Id.* In response, Officer Mallett ordered Taylor to the ground for leg restraints, and Taylor refused on multiple occasions until Officer Mallett used a taser on him. *Id.* The administrative record contains two corroborating statements from other officers. ECF 14-2. The administrative record also includes a video recording that shows Taylor seated with correctional staff in close proximity and jerking his head and leg in manner consistent with the threats described in the conduct report. ECF 25. The conduct report, the witness statements, and the video recording constitute some evidence that Taylor physically resisted staff.

To Taylor's point, correctional staff could have instead charged him with the offense of refusing to comply with orders, but the verbal threats of violence paired with the head and leg jerks with correctional staff in close proximity who were attempting to secure him in a seated position could also be reasonably characterized as physical resistance. Though the definition bears some ambiguity, federal courts should generally defer to State officials' interpretation of State law. *Crawford v. Littlejohn*, 963 F.3d 681,

683 (7th Cir. 2020). Moreover, Officer Mallett orders to sit and to lie on the ground would have been conflicting only if they have been given simultaneously or in rapid succession with no opportunity to comply rather than a change to a second order in response to an escalating situation. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Taylor argues that the sanctions imposed were excessive. "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). According to departmental policy, inmates found guilty of resisting may be sanctioned with up to the loss of three months earned credit time and one demotion in credit class. ECF 14-12 at 40. Because the sanctions were within the parameters set forth by departmental policy, the claim regarding excessive sanctions is not a basis for habeas relief.

Because Taylor has not asserted a valid claim for habeas relief, the habeas petition is denied. If Taylor wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Ezekiel I. Taylor leave to proceed in forma pauperis on appeal.

SO ORDERED on May 10, 2022

                                                                                 s/ Michael G. Gotsch, Sr.  
                                                                                 Michael G. Gotsch, Sr.  
                                                                                 United States Magistrate Judge